IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ROBERT GRANDALL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH, )<br>)<br>Respondent. ) | Civil Action No. 3:11CV486–HEH |

## MEMORANDUM OPINION
### (Granting Motion to Dismiss 28 U.S.C. § 2254 Petition)

Robert Grandall ("Grandall"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the § 2254 Petition"). Grandall challenges the Virginia Parole Board's order revoking his parole and directing him to serve his remaining sentence. Respondent has moved to dismiss the § 2254 Petition, and Grandall has replied. The matter is ripe for decision.

### I. PROCEDURAL HISTORY

On April 29, 1991, Grandall was convicted in the Circuit Court for the City of Richmond, Virginia of various narcotics and weapons violations and sentenced to thirty years of imprisonment. (Mem. Supp. Mot. Dismiss Ex. 1 ("Muse Aff.") Encl. A, at 1–2.) On November 2, 2009, the Virginia Parole Board authorized Grandall's parole from prison. (Muse Aff. Encl. B.) As a condition of his parole, Grandall pledged, *inter alia*, to "follow the Parole Officer's instructions[,] . . . be truthful, cooperative and report as instructed[,]" and "not [to] unlawfully use, possess or distribute controlled substances or related paraphernalia." (*Id.*)

On May 19, 2010, the Virginia Parole Board revoked Grandall's parole for violating these two conditions. (Muse Aff. Encl. E.) Specifically, the Virginia Parole Board found that, on November 5, 2009, Grandall tested positive for cocaine and marijuana, and then subsequently failed to report for additional drug testing. Further, the Virginia Parole Board found that:

> On 1/05/10, [Grandall] tested positive for cocaine. [Grandall] stated [that] on 1/4/[10] [he] had sex with a whore. [Grandall] stated [he] traded crack cocaine for sex. [Grandall] stated [he] broke the crack up with [his] fingers so as not to give it to the "whore" all at one time. [Grandall] feel[s] that is how the cocaine got in [his] system. [Grandall] stated [he] did not snort or smoke any cocaine and [he did] not feel [he] need[ed] any treatment.

(*Id.*) Grandall is now re-incarcerated and serving the remainder of his sentence.

On January 3, 2011, Grandall filed a petition for a writ of habeas corpus in the Supreme Court of Virginia ("the State Habeas Petition"). *Grandall v. Dir. Dep't Corr.*, No. 110021, at 1 (Va. July 13, 2011). In the State Habeas Petition, Grandall advanced the following two claims:

Claim One   The Virginia Parole Board violated Grandall's rights by failing to bring him before a judge prior to revoking his parole.

Claim Two   The Virginia Parole Board's actions violated Grandall's constitutional right to protection from double jeopardy.[1]

*Id.* at 1–2. On July 13, 2011, the Supreme Court of Virginia dismissed the State Habeas Petition. *Id.* at 2.

---

[1] "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb ...." U.S. Const. amend. V.

2

On July 20, 2011,[2] Grandall submitted the instant § 2254 Petition, asserting the following claims:

Claim One   "Violation of my du[e] process rights, do [sic] to the parole board's negligence, in failing to bring me before a judge, and imposed a false sentence." (§ 2254 Pet. 6.)[3]

Claim Two   Conflict of Interest - Grandall's probation officer falsified his report to the Virginia Parole Board "because my brother shot that detective friend of his." (*Id.* at Attach. 4 ("Mem. Supp. § 2254 Pet.") ¶ 4.)

Claim Three   Double Jeopardy - by ordering him to serve out his remaining sentence, the Virginia Parole Board placed Grandall in double jeopardy.

Claim Four   Duress - Grandall signed the form stating the terms and conditions of his parole under duress "because my mother was in the parking lot, and I didn't want to hold her after doing nerely [sic] 20 years." (*Id.* ¶ 3.)

Respondent moves the Court to dismiss the § 2254 Petition because it contains both exhausted and unexhausted claims. Respondent correctly points out that Claims Two and Four were not presented to the Supreme Court of Virginia in the State Habeas Petition. Nevertheless, the Court will address the merits of all four claims. *See* 28 U.S.C. § 2254(b)(2) (1996).[4]

---

[2] This is the date Grandall swears he placed the § 2254 Petition in the prison mailing system and, thus, the date the Court deems the § 2254 Petition filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court has corrected the capitalization, punctuation, and spelling in quotations to Grandall's submissions where appropriate.

[4] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1996).

## II. ANALYSIS

### A. Claim One

In Claim One Grandall asserts that the Virginia Parole Board lacks the authority to order him to serve his remaining sentence. Grandall argues that such an order can be issued only by a judge. Grandall further argues that once the Virginia Parole Board authorized his parole, he "should be a free man, once completed and goes to the street, its done. Anything else is uncivilize[d]." (Mem. Supp. § 2254 Pet. ¶ 10.)

Upon determining that a parolee has violated the terms of his or her parole, section 53.1–165 of the Code of Virginia provides that the Virginia Parole Board, "in its discretion, may revoke the parole and order the reincarceration of the prisoner for the unserved portion of the term of imprisonment originally imposed upon him." Va. Code Ann. 53.1-165(A) (West 2010). Here, Grandall admitted to violating the terms of his parole. (Mem. Supp. § 2254 Pet. ¶ 5 ("I admitted to using drugs at a party . . . .").) Thus, the Virginia Parole Board properly exercised its statutory authority to reincarcerate Grandall for the entire unserved portion of his sentence. *Warren v. Baskerville*, 233 F.3d 204, 207 (4th Cir. 2000) (quoting Va. Code Ann. § 53.1–165(A)). Accordingly, Claim One will be dismissed.

### B. Claim Two

In Claim Two, Grandall asserts that his probation officer "falsified the report [to the Virginia Parole Board], to send me back to prison because my brother shot that detective friend of his, but it had nothing to do with me." (Mem. Supp. § 2254 Pet. ¶ 4.) Grandall continues:

4

> But he did say that I am going back to prison, if he have anything to do with it. And I said why are you doing this to me, he said because <u>thats your brother</u>, and I am going to put all of you <u>back in prison</u>. He had almost my <u>whole family</u> on his case load. Mr. Pryor Green, and that should have been a <u>conflict</u> of interest.

(*Id.*)

Grandall cannot demonstrate that the alleged conflict of interest violated his constitutional rights. *See Morrissey v. Brewer*, 408 U.S. 471, 485–86 (1972) (holding that because "[t]he [parole] officer directly involved in making [revocation] recommendations cannot always have complete objectivity," due process requires a neutral hearing officer). Here, Grandall does not assert that any of the officials conducting his preliminary hearing or the parole revocation hearing were not impartial. Rather, Grandall admits to using drugs and then skipping a subsequent drug test, both of which violated the conditions of his parole. (Mem. Supp. § 2255 Pet. ¶ 5; Muse Aff. Encl. B; Muse Aff. Encl. E.)[5] This Court can only grant habeas relief under 28 U.S.C. § 2254 "on the ground that [a petitioner] is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a) (1996). The actions described in Claim Two do not implicate, much less violate, the Constitution or laws of the United States. Accordingly, Claim Two will be dismissed.

---

[5] The Court notes that, on this record, there is no evidence that Grandall's parole officer falsified either the results of the second drug test or Grandall's subsequent explanation that he broke up crack with his fingers to give to a prostitute. Further, Grandall points to no law or evidence showing the existence of a constitutional right to an impartial *parole officer*. Indeed, the Supreme Court recognizes that, given the nature of their work, parole officers "cannot always have complete objectivity." *Morrissey*, 408 U.S. at 486. Thus, due process requires, and Grandall received, an "independent decisionmaker to examine [the parole officer's] initial decision." *Id.*; (*see* Muse Aff. ¶¶ 7–11).

5

## C.  Claim Three

In Claim Three, Grandall asserts that the Virginia Parole Board's revocation of his parole implicated the Double Jeopardy Clause of the Fifth Amendment. Grandall asks "for acquittal of all allegations" so he can "go back to rebuilding his life." (Mem. Supp. § 2254 Pet. ¶¶ 7–8.) However, parole revocation is not an "essentially criminal" proceeding, and therefore, the parole revocation does not implicate the Double Jeopardy Clause. *Breed v. Jones*, 421 U.S. 519, 528–29 (1975) (internal quotation marks omitted); *United States v. Hanahan*, 798 F.2d 187, 189–190 (7th Cir. 1986). Furthermore, this is plainly not a case where there is double punishment for a single offense. *Breed*, 421 U.S. at 519. Grandall violated the conditions of his parole and the Virginia Parole Board punished him with incarceration for a period of time equal to the unserved portion of Grandall's sentence. Accordingly, Claim Three will be dismissed.

## D.  Claim Four

Claim Four, Grandall's claim of duress, reads in its entirety as follows:

> I really signed that release form <u>unduress</u> [sic], because my mother was in the parking lot, and I didn't want to hold her after doing nerely [sic] 20 years. I can promise one thing. If I am free once again, I promise to put this behind me, and will not go any further with this. No one will here [sic] of this ever again.

(Mem. Supp. § 2254 Pet. ¶ 3.)

Respondent does not expressly address Claim Four in the Motion to Dismiss. However, "[w]here the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The Court finds that Claim Four does not state a cognizable

6

constitutional claim. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 8 (1979) ("[A] state may be specific or general in defining the conditions for release [on parole] . . . .").[6] Claim Four will therefore be dismissed. 28 U.S.C. § 2254(a) (1996) (authorizing habeas relief only "on the ground that [a petitioner] is in custody in violation of the Constitution or laws and treaties of the United States.")

## III. OUTSTANDING MOTIONS

Grandall has made two motions for leave to amend his § 2254 Petition. (Dk. Nos. 11, 13.) Specifically, Grandall wishes "to add information and evidence of error of the courts." (Mot. Amend. (Dk. No. 11) 1.) A motion to amend is appropriately denied where the amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). That is the case here. The information Grandall seeks to add consists of conclusory allegations that the Supreme Court of Virginia wrongly decided his State Habeas Petition. Additionally, Grandall wrongly contends that Respondent failed to answer his § 2254 Petition and, thus, this Court is obliged to automatically grant the § 2254 Petition.[7] Even if true, neither allegation supports any of Grandall's four claims.

---

[6] *See also Rodriguez v. Quarterman*, No. A–07–CA–1032–LY, 2008 WL 2166012, at *4 (W.D. Tex. May 20, 2008) ("Petitioner's claim [that officials forced him, under duress, to sign away good time credits before his release on parole] is without merit as he does not raise a federal constitutional claim."); *Hutchinson v. Rubitschun*, No. 1:05–CV–825, 2007 WL 734955, at *5 (W.D. Mich. Mar. 9, 2007) (holding that, where plaintiff claimed officials induced him to sign conditions of parole under duress, plaintiff failed to state a violation of federal constitutional rights).

[7] Grandall is wrong because: a) Respondent did answer the § 2254 Petition (*see* Dk. Nos. 7–10) and, b) even absent an answer from Respondent, this Court must dismiss his petition where the record clearly shows that he is not entitled to relief. *Raines*, 423 F.2d at 529.

7

Because it would be futile, Grandall's Motions to Amend (Dk. Nos. 11, 13) will be denied.

## IV. CONCLUSION

Based on the foregoing, Grandall's Motion to Amend (Dk. No. 11) and Motion for Amendment and to Dismiss and Reinstate (Dk. No. 13) will be denied. Respondent's Motion to Dismiss (Dk. No. 8) will be granted, Grandall's claims will be dismissed, and the § 2254 Petition will be denied. A certificate of appealability will be denied.[8]

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 1, 2012
Richmond, Virginia

---

[8] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Grandall is entitled to further consideration in this matter.